## JOHN MALKIN v. A. N. BEARMAN.[1]

April 26, 1929.

No. 27,279.

*Ell M. Roston,* for appellant.
*Sterling, Converse & Spence,* for respondent.

[1]Reported in 225 N. W. 113.

HILTON, J.

Appeal from an order of the district court denying an alternative motion for judgment notwithstanding the verdict or for a new trial. Action on a promissory note to recover $5,000 and interest. Verdict was rendered for the full amount claimed.

In July, 1925, S. S. Greenberg, doing business as the Greenberg Iron & Metal Company, was indebted to the American National Bank in the sum of $10,000 represented by a promissory note on which plaintiff was an accommodation indorser. The indebtedness was renewed substantially every 90 days thereafter and until June 1, 1926, by the giving of similar notes bearing a like indorsement. On or about the last named date the note was renewed for 90 days, and on this renewal both plaintiff and defendant became such indorsers. When this note matured, on August 30, 1926, it was again renewed for 30 days with both plaintiff and defendant as indorsers, with a guarantee of payment at maturity or any time thereafter, waiving notice, demand and protest. Prior to the renewal last referred to the bank telephoned defendant and also stated in a letter written him that it would only accept such a renewal on the understanding that the note would be paid at maturity by him if not paid by the maker on the due date. Defendant in writing so agreed. When this renewal became due, the full amount of $10,000 was paid by the two indorsers, each paying $5,000.

The testimony on behalf of plaintiff relative to the note's becoming due June 1, 1926, was that plaintiff refused to indorse a renewal note unless he received some sort of security. Greenberg made an offer to the bank to furnish the defendant, his brother-in-law, as an indorser on the renewal, but the bank would not accept a renewal without also having thereon the indorsement of plaintiff. Before this indorsement by plaintiff and to secure the same, Greenberg gave a note, exhibit A, bearing date June 1, 1926, by which he promised to pay 90 days after date, to J. Malkin (not to his order) the sum of $10,000. This note was indorsed by defendant. Plaintiff testified that he was induced by both Greenberg and defendant to indorse the June 1 renewal note by reason of the fact that he held

the $10,000 note last above described, being the one on which this action was brought to recover the amount paid by plaintiff to the bank as above stated.

Defendant testified that the $10,000 non-negotiable note, given by Greenberg to plaintiff and indorsed by defendant, was given for the purpose of having plaintiff dispose of it and thereby secure $10,000 with which to pay up the note given to the bank. There was ample in the evidence warranting the jury in reaching a conclusion adverse to this contention.

There was a direct dispute relative to other salient facts. A reconciliation of the positions taken by the adverse parties is impossible. The jury, by its verdict, found, under proper instructions, that the evidence preponderated in plaintiff's favor. It was justified in so doing. The questions of law here involved are those raised by the facts as claimed by plaintiff. Defendant claims there was no consideration emanating from plaintiff for the note, exhibit A, and its indorsement. There was ample consideration. 2 Dunnell, Minn. Dig. (2 ed.) §§ 1750, 1760, and cases cited; 13 C. J. pp. 321, 344, et seq. The answer denied that Greenberg was insolvent on September 1, 1926, or at any other time, while the complaint alleged that he was insolvent on that date and thereafter. Plaintiff had the right to pay up the note becoming due June 1, 1926, and at once to proceed against Greenberg and his property for the amount so paid. Plaintiff relinquished that right at the request of defendant because the note here sued upon was given to him, a promise of protection from loss because of his forbearance.

A note for $5,000, signed by Greenberg and indorsed by his son, Arnold, dated August 30, 1926, due in 30 days, payable to plaintiff, was sent by mail to him. Five similar notes, unindorsed, for $1,000 each, dated September 29, due respectively one, two, three, four and five months after date, were later sent plaintiff. None of these notes were ever asked for or attempted to be used by plaintiff, and he testified that he told Greenberg they were worthless and that he did not want them; that a check for $3 which Greenberg had sent plaintiff was no good and would not be cashed by the bank. De-

fendant's claim was that these various notes were given by Greenberg in payment of the obligation of Greenberg and himself to plaintiff and to reimburse and protect him. The burden was upon defendant to show this by a fair preponderance of the testimony. This question of fact was submitted to the jury, which found in favor of plaintiff thereon. About November 1, 1926, Arnold Greenberg sent plaintiff a check for $1,000; this check was worthless, no funds being in the bank to meet it.

It was also the contention of defendant that plaintiff, by accepting and retaining these notes, granted an extension of time to Greenberg in which to pay exhibit A, thus releasing the defendant indorser on the $10,000 note given to plaintiff and that it was error for the court to refuse to instruct the jury that, if they found as a fact that by accepting the notes it was intended to extend the time of payment of exhibit A, such extension would constitute a release of the defendant.

We need not consider whether defendant was a guarantor or an indemnitor, or whether, if an extension was in fact consummated, there would be a release of defendant from liability. The evidence which justified the jury in finding that the notes were not taken as payment would require it to find that the plaintiff did not accept the notes with intent to extend the time of payment of the $10,000 note given to plaintiff. Defendant was not injured by the refusal of the court to charge as requested. It was also assigned that the court erred in admitting exhibit A in evidence and in refusing defendant's motion to strike out all of the testimony and conversation relative to it on the ground that it was an attempt to vary by parol the terms of a written instrument. The exhibit was properly admitted, and the well known rule was not violated.

We have examined all other assignments of error calling in question the rulings of the court on the admission of evidence and find no error therein.

Order affirmed.